SANFORD vs. SPIVEY AND SMITH, For the use of BATE
AND MORRISON.

MOTION AGAINST CONSTABLE.—*Judmgent.*

1. Upon a motion against a constable for failure to pay over money
collected, the objection that several distinct claims are embraced in
the same judgment has nothing in it. (Hobson v. Hoge, 8 Yerg.
153.)
2. SAME. Though a motion will not lie against the sureties of an officer
without being made also against the officer; yet it will lie against the
officer without the sureties being joined with him. (1.) (Williamson
v. Webb. 2 Humph. 133.)

WRIGHT, J., delivered the opinion of the court:

This was an action against a constable and his sure-
ties for the non-payment of money collected by him.
Judgment was rendered against him and his sureties
before a Justice of the Peace, where the motion was
first made. He alone appealed to the Circuit Court,
where the judgment was affirmed; and he has appealed to
this Court. The first objection urged against the judg-
ment is that it embraces the money collected on vari-
ous claims; whereas it is said there should have been
a distinct and separate judgment against the officer
upon each claim. This position has nothing in it. In
Hobson et al. vs. Hoge and sister, 8 Yer. 153, sever-
al claims were included in the same judgment. It is
next urged that the judgment is against the officer
*alone*, when it should have been against him and sure-
ties: The answer to this is that the judgment was so
taken before the Justice of the Peace, and the officer
only appealed. But if this were not so—it has been
decided in two cases, at least, that though a motion
would not lie against the sureties, without the officer—

yet it may be against the officer, without the sureties. (1) Williamson vs. Webb, 2 Hump. 133, Small vs. Goodrum et al., 3 Hump. 419.

The next ground assumed for the officer is, that he had become a stayor for Spivey and Smith in August 1857, upon certain debts which he paid in April, 1858, amounting to more than the claims embraced in the present judgment, and that he had a right to retain the money collected on these claims for his indemnity, not only as against Spivey and Smith, but against Bate and Morrison—the assignees of these claims. He insists that though these claims were assigned to Bate and Morrison on the 7th of July, 1857—long before he became bound for Spivey and Smith, and nearly a year before he paid anything, yet that the *same claims* were assigned to him, for his indemnity by Spivey and Smith, in August, 1857, at a time when he had no notice of the prior assignment to Bate and Morrison, and before they had so notified the debtors in the assigned claims, as to make the assignment valid. From a review of the whole evidence, we are satisfied this position cannot be maintained for him.

In the first place, we think the claims assigned to him for his indemnity—were not these at all—but different debts altogether. In the next place, we are satisfied he was aware of the assignment to Bate and Morrison, recognized it as valid, actually collected the money for them and not for himself, and that the attempt on his part to appropriate it to his indemnity, was an after thought, he having ascertained that Spivey and Smith would not be able to repay him what he had paid for them.

*Judgment affirmed.*

(1) Burroughs v. Goodall, 2 Head, 29.

But a judgment by motion cannot be taken against an officer and *part* of his sureties. Rice v. Kirkman, 3 Humph. 415; Hearn v. Ewin, 3 Cold. 399; Code, 3583 *et seq*.