CARRON v. STANDARD REFRIGERATOR CO.

(Supreme Court, Appellate Division, Third Department.    November 13, 1907.)

1. MASTER AND SERVANT—MASTER'S LIABILITY FOR INJURIES TO SERVANT—WARNING SERVANT—EXPERIENCED EMPLOYÉ.

The rule that a master must instruct his servant concerning the dangers of his work has no application where the servant is fully familiar with the details of the work and the operation of the machine and the dangers connected therewith; and, where plaintiff had been engaged for two years in sawing boards for defendant, and was accustomed to run them through the saws three and four deep, he was surely familiar with the operation of the saws and the details of the work, and his two years' experience was equivalent to instructions as to any additional danger in running through a saw more than one board at a time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 284.]

2. SAME—ACTIONS—EVIDENCE—NEGLIGENCE OF MASTER.

Where a sawyer in defendant's employ sustained an injury through the twisting or jumping of the saw and boards with which he was working, such twisting or jumping is not sufficient to charge defendant with negligence, in the absence of proof as to what caused the twisting or jumping.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954, 955.]

3. EVIDENCE—OPINION EVIDENCE—SUBJECTS OF EXPERT TESTIMONY.

In an action by a sawyer to recover for an injury sustained while in defendant's employ in running boards through a saw three deep, it was error to permit plaintiff to ask an expert witness whether there was greater danger in running three boards through a saw than one, to which the expert answered, "There is a great deal more danger," since the characterization thereof, as being more dangerous, was one of the precise points in issue, and was a question, not for the witness, but for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2248–2254, 2309.]

Appeal from Trial Term, Albany County.

Action for personal injuries by Peter Carron against the Standard Refrigerator Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Edward W. Douglas, for appellant.
John Scanlon, for respondent.

COCHRANE, J. This is an action for negligence. Plaintiff was injured while operating a circular ripsaw in the service of defendant. The saw revolved on an axis, and its blade protruded through an aperture in a table and about an inch and a half above the surface thereof. The operator standing by this table pushed the boards which were being sawed over the surface of the table and against the saw.

Plaintiff testified, in substance, that at the time of the accident the defendant's superintendent directed him to saw simultaneously three boards by placing them on top of each other; that the saw was dull and pushed hard, and the table loose, which circumstances he communicated to the superintendent, who told him to proceed with the work, and that he (the superintendent) would come around and fix the saw and table; that plaintiff proceeded to carry out the superintendent's directions and worked about 40 minutes, the latter in the meantime not having sharpened the saw or adjusted the table, when, as the plaintiff was sawing three boards as directed, the saw twisted or bent, throwing the boards away and causing plaintiff's hand to come in contact with the saw, thereby producing the injury. There was also evidence to the effect that a board in the process of being sawed sometimes binds the blade of the saw which revolves toward the operator, with the consequent tendency that the board will be thrown toward the operator or thrown upward and caused to "jump," which was what happened to plaintiff at the time of the accident according to his testimony; and that such tendency of the boards to bind and to be thrown upward is increased when three boards are sawed simultaneously, and that the operator is less able to see the effect on the saw blade of the lower boards and has greater difficulty in controlling their action. The defendant contended that it had provided instrumentalities for the sharpening of the saw, and that it had been plaintiff's custom and that it was his duty to sharpen the saw from time to time; that its superintendent did not direct him on the occasion in question to saw three boards simultaneously, and that it had been plaintiff's frequent and uniform custom during the two years in which he had been in defendant's service to saw boards in that way; that the table was not loose or out of order; and that the work in question was not more dangerous to plaintiff because of the method of its performance.

In charging the jury the learned trial justice said:

"It is the duty of a master upon setting his servant to work at an employment which is dangerous, the dangers of which are not known to the employé, to the servant, and are known to the master, to give him some reasonable notice or warning of these dangers. Now, the plaintiff claims that he was told to run through these three boards; that it was extradangerous, and that he was not told of it. The defendant says it was not extradangerous to run three boards, and also says that he was not told to run three boards. If you find that this man was put to work running these three boards through or over this saw that was dull and wabbly and uncertain in its movements, and that he was injured as a result of these very dangers which were not

known or apparent to him, and that he did not contribute to that injury in any way by carelessness on his part, then you may find in this case a verdict for the plaintiff."

At the conclusion of the charge counsel for the defendant said:

"I wish to except to that portion of the charge where the court says, in substance, that it was the duty of the defendant under the circumstances in this case to give instructions to plaintiff, and in that connection I ask the court to charge the jury that the two years' experience in operating these machines was equivalent to instructions, and relieved the defendant of the obligations of giving instructions under the circumstances as appear in this case."

The court replied:

"I decline to charge in the language asked, except that the jury may take into consideration the amount of experience this man had had there in running this kind of a saw or other similar saws."

To which defendant excepted.

I think this charge and refusal to charge constitute reversible error. Plaintiff had been engaged in the same kind of work for defendant with this and other saws about two years. He was surely familiar with their operation. The defendant's superintendent testified as follows:

"I have observed Carron sawing those boards by putting one or two or three over the other before the day of the accident. I have observed him taking two, three, or four often on top of each other. He did that right along for over a year. It had been customary for him to saw boards two and three and four on top of each other in that manner. It was done in that mill by the other employés right along."

This is entirely uncontradicted, except that plaintiff, while admitting that he had thus operated before the accident, says that they were not boards of the kind that he was sawing at the time of the accident. The distinction he seeks to draw is that the boards he was sawing when injured were narrow, and he could not therefore as effectively press or hold them down on the surface of the table as if they had been wider. It is very clear, however, that, with the experience which he had, he was fully aware of any additional danger which may have existed by reason of doing the work in that manner. He was neither a child nor a novice. The rule that a master must instruct his servant concerning the dangers of his work has no application where, as here, the servant is fully familiar with the details of the work and the operation of the machine and the dangers connected therewith. Plaintiff's familiarity with the work and the particular method of its performance which is complained of was amply sufficient to give him adequate information concerning any dangers connected therewith, and nothing which the superintendent could have told him would have increased such information. The charge permitted the jury to find the defendant negligent in not having instructed plaintiff, although it appeared that such instruction if given would have been superfluous. Again, the defendant requested the court to charge: .

"That even though the jury find that the saw and boards twisted or jumped on the occasion of the accident, such twisting or jumping is not sufficient to charge the defendant with negligence in the absence of proof as to what caused such twisting or jumping, and that such cause was owing to negligence on the part of the defendant."

And also:

"That the unexplained twisting or jumping of the saw and boards does not raise any presumption of negligence on the part of the defendant."

These requests were refused except as covered by the charge already made. The subject-matter of the requests had not been fully covered by the learned judge in his charge, and I am of the opinion that the defendant was entitled to have the jury instructed as requested. It was necessary for the plaintiff to prove not only the cause of the accident, but also that such cause was due to defendant's negligence. The jury had been expressly told that, if they found that the saw and frame upon which it was set were not reasonably safe, they might render a verdict for the plaintiff, if he was without negligence, but they had not been told in words or substance that such absence of reasonable safety must also be attributable to defendant's fault or negligence before the latter could be held liable. Manifestly an apparatus may be unsafe without fault of any one. It was therefore quite important to the defendant to have that charge supplemented by the further statement as requested that the so-called twisting or jumping was not sufficient to make the defendant liable, in the absence of proof that the cause thereof was due to its negligence. The refusal to charge the latter of the above-quoted requests also cast on the defendant the burden of explaining the accident and of relieving itself from negligence. The effect of these refusals was to make the defendant liable without reference to the question of its negligence, provided only the jury could find from the evidence the cause of the twisting or jumping, and that the saw and its appliances were unsafe.

It was also error to permit the plaintiff to ask an expert witness called by him whether there was greater danger in running three boards through a saw than one. This question was duly objected to. The witness answered that "there is a good deal more danger." The witness might properly describe such a process, and state the facts as to what would or might happen therefrom; but the characterization thereof as being more dangerous was one of the precise points in issue, and was a question, not for the witness, but for the jury.

It is impossible to say that the errors above specified did not affect the verdict, and hence the judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.