DAVID FINKELSTEIN, an Infant, by HYMAN H. FELDMAN, His Guardian ad Litem, Respondent, *v.* DAVID KRAMER, Appellant.

First Department, July 13, 1909.

Master and servant — negligence — injury by circular saw — facts raising questions for jury — damages not excessive.

Where in an action under the Employers' Liability Act it appears that the defendant's superintendent directed the plaintiff, a carpenter nineteen years of age, to operate a circular saw to which he was unused without any instructions as to the danger, and required him to saw boards eight feet long, without the aid of an assistant to hold the board as it came from the machine, although the table of the saw was only four feet long, the negligence of the superintendent was for the jury.

Although the danger of allowing one's hand to come in contact with a rapidly moving circular saw is quite apparent, it is not apparent to a person unused to such machine that a board much longer than the saw table may jump so as to throw his hand against the saw when the sawed portions of the board overhang the table.

Evidence in an action to recover for injuries so received examined, and *held*, that the assumption of risk by the plaintiff was for the jury and that a verdict in his favor was not against the weight of evidence.

A verdict of $3,000 is not excessive where the plaintiff, a carpenter nineteen years of age, lost his right index finger and severely injured his thumb so as to be unable to work at his trade.

McLAUGHLIN and HOUGHTON, JJ., dissented, with opinion.

APPEAL by the defendant, David Kramer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of January, 1909, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 2d day of February, 1909, denying the defendant's motion for a new trial made upon the minutes.

First Department, July, 1909.      [Vol. 133.

*William A. Jones, Jr.,* for the appellant.

*Herbert C. Smyth,* for the respondent.

INGRAHAM, J.:

This action was brought to recover for personal injuries sustained by the plaintiff, a boy about nineteen years of age. He was born in Russia, had learned there the trade of a carpenter, and at the time of this accident had been in this country about nine months. He was employed by the defendant and had worked for a little over three weeks, using ordinary carpenter tools. The plaintiff testified that on May 14, 1907, the defendant's superintendent or manager came to him when he was at work in the defendant's factory and gave him a drawing from which he told plaintiff to make a crate for a desk. On this drawing there was indicated the length, height and breadth of the crate. The superintendent told plaintiff where the strips were to be, how broad the slats were to be, and directed him to go to a machine and make it. The plaintiff asked where the machine was and the superintendent pointed it out to him, and went with the plaintiff and showed him where the wood was, and then said: "Go and make this thing." The superintendent gave plaintiff no instruction as to working the machine and gave him no assistant to assist in the work; but simply told him to go and make the crate with the wood supplied by the use of the machine. When plaintiff got to the machine he found it was not running, but on investigation he found there was motive power which could be applied, and finally got it started. He had never worked on such a machine before and knew nothing about its management. The machine consisted of a circular saw, and with it plaintiff was to cut boards which were about eight feet long lengthwise. Plaintiff cut one of these boards and in cutting the other as it got to the end of the board the cut end hung down over the machine and he had to hold it in place with his hands; that as he was pressing down on the board to hold it in place the board commenced, as the witness said, to "jump," and in trying to hold it his fingers were thrown against the saw which resulted in the right index finger being cut off and his thumb severely cut; that in consequence of the accident he has lost the use of his thumb and has since been unable to work at his trade. A witness was called who was familiar

with the use of these machines who testified that these saws make from 3,000 to 4,000 revolutions a minute; that the length of the table was about four feet; that it requires an expert to saw a strip eight feet long without assistance at the back of the table, for the reason that the piece overbalances on the table and is unsafe; that an expert man can use a pushstick laying it firmly on the piece he is sawing and pushing it clear of the saw; that in sawing lengths of eight feet it was customary to have a person at the back end to take the wood as it goes through the saw. At the end of the plaintiff's case the defendant moved to dismiss the complaint on the ground that there was no evidence to show that the defendant was guilty of negligence and that the plaintiff had failed to show his freedom from contributory negligence. This motion was denied and the defendant excepted. The defendant then produced witnesses who contradicted the plaintiff. The case was submitted to the jury by a charge to which there was no exception; the only request made by the defendant was charged and the jury returned a verdict for the plaintiff.

The plaintiff had given to the defendant the notice required by the Employers' Liability Act (Laws of 1902, chap. 600), in which it is claimed that he was injured through the negligence of the defendant's superintendent in directing the plaintiff to work this machine without any instructions or warning as to the danger connected with it and the amount of care and caution to be observed. I think there was a question presented for the jury as to whether or not the defendant's superintendent was negligent in directing the plaintiff to work at a machine of this character without any instructions or warning, or without the assistance that the proper working of the machine required. It is quite true that the danger of the plaintiff's hand coming in contact with the saw was quite apparent, but I do not think it can be said to be apparent to a person who is not accustomed to the use of machines of this kind that a board when extended over the table would "jump" up so as to throw the operator's hand against the saw. When sending a man who was entirely unaccustomed to operating a machine of this kind to operate it for the first time ordinary prudence would suggest that the operator be given some instruction as to the proper way to manage the machine or be furnished with a helper to avoid the danger of the end of the wood

being sawed from being thrown up so as to throw the hand of the operator on the saw. The defendant's superintendent denied having instructed the plaintiff to operate this machine, but it is nowhere denied that there was danger of an operator's hand being thrown on the saw by reason of the wood being thrown up in consequence of the movement of the machine, and the fact that the table was only four feet long while the boards to be sawed were eight feet long. It was certainly within the province of the jury to say that in sending a man to operate such a machine for the first time the employer or superintendent was bound to give him such instructions in relation to the use of the machine, or such assistance in the work that he was to do, as to minimize the danger of injury. The question of whether or not the plaintiff assumed the risk of using this machine was for the jury, and upon the whole case I do not think the verdict was against the weight of evidence. The amount of the recovery was not excessive. Plaintiff has permanently lost the use of his right hand, and it is quite evident that for a workingman to be unable to use his right hand seriously impairs his earning capacity.

I think the judgment should be affirmed, with costs.

LAUGHLIN and CLARKE, JJ., concurred; McLAUGHLIN and HOUGHTON, JJ., dissented.

McLAUGHLIN, J. (dissenting):

Action to recover damages for personal injuries. Defendant operates a factory for doing cabinet work. Plaintiff is a carpenter and at the time he was injured was about nineteen years of age, had worked at his trade between four and five years, and was employed by the defendant. On the day of the accident he was directed to make a crate in which to pack a desk, according to a certain diagram given him, and for that purpose was told to go to a machine which consisted of an ordinary buzz saw with a table and prepare the necessary strips of lumber. These strips were made by cutting, with the buzz saw, an ordinary soft wood board from six to eight feet long and one inch thick into slats two inches wide or a little less. While doing this work his hand came in contact with the buzz saw, which resulted in an injury to the thumb and the loss of the index finger. He had a recovery of $3,000,

damages for the injuries sustained, upon the ground that the defendant was negligent in not instructing him that if his hand came in contact with the buzz saw he would be injured, and in not furnishing him proper appliances to handle the boards while they were being sawed into slats. Defendant appeals.

The plaintiff testified that he did not know if he got his fingers against the saw that it would cut them off, and if he had known such would be the result, he would not have operated the machine. To use his own language: "If I had known that if I got my finger up against the saw it would cut it off, I should not have gone to the machine. It was not plain to me that if the saw struck my finger it would cut it, I didn't see that. I knew the saw would cut the wood." A carpenter, nineteen years of age, of ordinary intelligence (and the plaintiff so far as the evidence discloses had at least that degree) does not need to be told that fire will burn, water will run down hill, or if he puts his hand upon a buzz saw twelve to eighteen inches in diameter, when revolving between 3,000 and 4,000 times a minute, he will be injured.

The plaintiff's testimony is incredible, and the court was not bound to submit it to the jury. He was charged with knowledge and presumed to know that if his hand came in contact with the saw he would be injured. (*Williams* v. *D., L. & W. R. R. Co.,* 116 N. Y. 628; *Crown* v. *Orr,* 140 id. 450.) Upon his own testimony the plaintiff was not entitled to recover and the evidence does not sustain the verdict.

I think the court erred in permitting the witness Martin to answer, against defendant's objection and exception, the following question: "Now, what is that well-recognized custom when cutting strips of wood eight feet long into two-inch strips? * * * A. The common custom is to take stock of any width that is within the capacity of the table, move the rip-saw guide to the distance from the saw that is required for the strips; run the piece of stock against the saw and against the guide. If that stock is eight feet long, it requires an expert man to saw that strip eight feet long without assistance at the back of the table, for the reason that the piece over-balances on the table and it is unsafe, but an expert man can use a push-stick, laying it firmly on the piece he is sawing and pushing it clear of the saw."

It also erred in refusing to strike out the answer. The witness ought not to have been permitted to state that it would be unsafe for any one except "an expert man" to saw a strip eight feet long without assistance at the back of the table. It was for the jury to say, under all the facts, whether the method adopted was safe or unsafe, as well as the skill required by a person sawing the strips. (*Carron* v. *Standard Refrigerator Co.*, 122 App. Div. 296; *Harley* v. *Buffalo Car Mfg. Co.*, 142 N. Y. 31.)

For the same reason it was error to permit the witness to testify that in sawing lengths of eight feet it was customary to have a person on the other side of the machine to take the strips as they were sawed. Also, after the witness had stated that "push-sticks" were sometimes used, in then saying that if such sticks were used, the operator "is in no danger with the stick. His hands are all clear of the saw."

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide event.

HOUGHTON, J., concurred.

Judgment and order affirmed, with costs.