## CARRON v. STANDARD REFRIGERATOR CO.

(Supreme Court, Appellate Division, Third Department.  May 20, 1910.)

1. MASTER AND SERVANT (§ 264*)—INJURY TO SERVANT—NEGLIGENCE—PLEADING.

Where, in an action for injuries to a servant by an alleged defective ripsaw, the complaint enumerated many omissions of defendant's duty claimed to have caused the injury, and then charged that defendant was also negligent in consequence of defects in the condition of the ways, works, and machinery connected with and used in defendant's business, which defects were due to defendant's negligence, the general allegation of negligence, in the absence of an application for a bill of particulars, was sufficient to authorize proof of defendant's alleged negligence in permitting the table of the saw to become insecure and in failing to provide a spreader to prevent pinching, though not specifically charged.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861-876; Dec. Dig. § 264.*]

2. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT—ACTS OF NEGLIGENCE—NOTICE OF INJURY.

Where a servant sued his master for injuries solely under the employer's liability act (Consol. Laws, c. 31, §§ 200-204), the servant was restricted to the causes of the accident enumerated in his notice, required to be served on the master before suit brought.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

3. MASTER AND SERVANT (§ 221*)—INJURIES TO SERVANT—ASSUMED RISK—PROMISE TO REPAIR.

In an action for injuries to a servant, a promise by the master to repair is only pertinent on the question of assumed risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 638; Dec. Dig. § 221.*]

4. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—ASSUMED RISK—BURDEN OF PROOF.

The burden of showing that an injured servant assumed a risk of obvious danger rests on the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 907; Dec. Dig. § 265.*]

5. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—ASSUMED RISK—PROMISE TO REPAIR—NOTICE OF INJURY.

Where, in an action for injuries to a servant by an alleged defective ripsaw, the defective condition of the saw was proved, evidence of the master's promise to repair was admissible to shift the risk from the servant to the master, though the action was brought under the employer's liability act (Consol. Laws, c. 31, §§ 200-204) and the notice did not allege such promise to repair.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6. MASTER AND SERVANT (§ 221\*)—INJURIES TO SERVANT—ASSUMED RISK—PROMISE TO REPAIR—WAIVER.**

A promise to repair a defective machine constitutes a waiver of the master's right to assert as a defense the servant's assumption of a risk incident to using the machine in its defective condition; such promise being in the nature of rebuttal of assumed risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 638; Dec. Dig. § 221.\*]

**7. MASTER AND SERVANT (§ 286\*)—INJURIES TO SERVANT—DEFECTIVE MACHINERY—NEGLIGENCE.**

In an action for injuries to a servant by an alleged defective ripsaw, whether the saw was defective, and whether defendant was negligent in permitting it to be or remain so, *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1017; Dec. Dig. § 286.\*]

Appeal from Trial Term, Albany County.

Action by Peter Carron against the Standard Refrigerator Company. From a judgment for plaintiff, and from an order denying defendant's motion for new trial, it appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edward W. Douglas, for appellant.

John Scanlon, for respondent.

HOUGHTON, J. On a former appeal the general facts surrounding the accident for which the plaintiff seeks to recover damages were stated, and a repetition of them is now unnecessary. Because of the plaintiff's experience and familiarity with the work this court on that appeal eliminated as a possible ground of negligence on the part of the defendant any failure to warn the plaintiff of the dangerous character of the work in which he was engaged. 122 App. Div. 296, 106 N. Y. Supp. 723.

On the retrial, which has resulted in the judgment from which the defendant now appeals, the only grounds of negligence upon which the plaintiff's recovery can be based are direction to the plaintiff by the defendant's superintendent to continue to rip lengthwise three narrow 18-inch boards a quarter of an inch thick, placed on top of each other, with a dull ripsaw, until he (the superintendent) should return and fix the saw, or an insecure and wabbling saw table, or the failure to provide a separator which would spread the sawed portion of the boards as the sawing progressed. The plaintiff, on the trial and in his endeavor to sustain his judgment, lays stress upon the fact that it was proved that the boards, while being sawed, jumped or twisted; but it is manifest that, if any such thing as that occurred, it was through some one of the causes enumerated, and such jumping of the boards, therefore, constitutes no separate ground of negligence.

The defendant insists that the plaintiff's complaint is not broad enough to permit him to prove that the saw table was insecurely fastened, or that it was a violation of duty on the part of the defendant not to furnish a device known as a "spreader." The complaint enum-

erates many omissions of duty on the part of the defendant which are claimed to have caused the injury, and does not mention the insecure table or the absence of a spreader in specific terms; but it concludes with the allegation that the injury was brought about "also in consequence of defects in the condition of the ways, works, and machinery connected with and used in the business of said defendant, which defects in said condition of the ways, works, and machinery were due to the negligence of said defendant." As an abstract pleading, therefore, the complaint was sufficiently broad to permit the plaintiff to prove any claimed negligent act, because in addition to the particulars specified there was the broad allegation that the defendant was also guilty of other general acts of negligence. If the defendant desired the plaintiff to particularize in what respects other than those specially enumerated the plaintiff claimed the defendant was negligent, a bill of particulars should have been demanded. In the absence of such a demand, the plaintiff was entitled, because of his additional general allegation, to make the proof.

While the defendant disputes the sufficiency of the notice under the employer's liability act (Consol. Laws, c. 31, §§ 200-204), the complaint is framed under that act, and the plaintiff insisted upon the trial and now insists that his action is brought thereunder. The statement of the cause of the injury contained in the notice is extremely vague. Under the conditions disclosed, manifestly the master was entitled to notice, and the plaintiff attempted to give a further cause of the injury than that the plaintiff's hand was cut by a saw. Many causes of the accident are stated, but neither the insecure and wabbling table nor the failure to provide a spreader are mentioned. Fairly interpreted, the notice does not specify either of these defects as a cause of injury. A person who brings an action solely under the employer's liability act, and stands upon the act alone in the trial of his action, cannot prove other independent causes of the accident not enumerated in his notice. 1 Dresser, Emp. Liability, § 33; Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 249, 87 N. E. 424, 21 L. R. A. (N. S.) 233. Any other rule nullifies the object of the notice, and, instead of apprising the employer of the cause of the injury, only misleads him. Assuming the notice which the plaintiff served to be a good notice under the statute, it was error, therefore, as against the defendant's objection, notwithstanding the broad allegations of the complaint, to permit him to prove that the saw table was insecurely fastened or the absence of a spreader as a cause of the accident or as a ground of negligence on the part of the defendant. It was also error for the learned court to refuse to eliminate from consideration by the jury these elements as grounds of negligence.

These fundamental errors committed on the trial necessarily call for a reversal of the judgment; but, inasmuch as there must be a new trial on the remaining question as to whether or not the superintendent was guilty of negligence in directing the plaintiff to saw the boards in the manner which the plaintiff claims, with the saw in the condition in which it is claimed to have been, it is proper to consider a further question raised by the defendant with respect to the admissibility of evidence as to the alleged promise of the superintendent to fix the

saw. The notice specifies that the saw was not properly filed, and that the superintendent of defendant directed the plaintiff to place several boards on top of each other and saw them lengthwise, while the saw was in such claimed unfit condition, and the complaint alleges negligence on the part of the defendant through such act of its superintendent. The defendant insists that under this allegation of the complaint evidence on the part of the plaintiff of a promise to repair or fix the saw very shortly, with directions to continue sawing meanwhile, was incompetent, because such promise to repair is not alleged.

A promise to repair is only pertinent upon the question of assumption of risk. The burden of showing that the servant assumed the risk of obvious dangers rests upon the master. Dowd v. N. Y., O. & W. R. R. Co., 170 N. Y. 459, 63 N. E. 541; Jenks v. Thompson, 179 N. Y. 20, 71 N. E. 266. A promise to remedy a defect complained of does not prove that the defect actually existed, or establish negligence on the part of the master; but, a defective condition having been proved, a promise to repair may be proved for the purpose of shifting the risk from the servant to the master himself. Where a defect which might constitute negligence is shown, the injured employé may prove that he called the attention of his master to the defect, and that the master promised to repair, and during the continuance of the promise, if it was in fact made, the risk of injury through reasonable care in the use of the defective machine rests on the master, and not on the servant. Rice v. Eureka Paper Company, 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585. The effect of such a promise is a waiver by the master of his right to assert as a defense the servant's assumption of risk incident to using the defective tool or appliance. Obanhein v. Arbuckle, 80 App. Div. 465, 81 N. Y. Supp. 133. Proof, therefore, of such a promise is not a substantive part of a plaintiff's case, but is in the nature of rebuttal to the defense of assumption of risk claimed by the master. There was no error in permitting the plaintiff to prove the alleged promise.

Of course, we do not intend by this discussion to intimate that the act of the superintendent in directing the plaintiff to continue sawing the three layers of boards with a dull saw, if it was in fact dull, was necessarily a negligent and improper thing for him to do. The boards were thin, the wood was not hard, and, although narrow, they were packed on a smooth surface between the gauge and the saw, and the plaintiff was accustomed to sawing. At most it is for the jury to say whether the superintendent was negligent in giving the directions to the plaintiff to saw the boards in the particular manner which he is claimed to have done. His negligence depends, not only upon the saw being dull but, being in that condition, whether it was a prudent thing to direct the plaintiff to saw three boards at a time. Mere dullness of the saw alone, the fact that the teeth were not properly "set," would not establish negligence; for the defendant had furnished other saws, and a means of sharpening those which were dull, as well as to spread the teeth so a larger groove would be cut. If any negligence exists on the part of the defendant at all, it depends upon whether the superintendent directed the plaintiff to saw the boards in the

particular manner claimed with a dull and binding saw, and, if he did, whether that direction was an improper and unreasonable one.

For the errors pointed out, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, P. J., and KELLOGG, J., in result.