### COLLEREN v. UNDERPINNING & FOUNDATION CO.

(Supreme Court, Appellate Term. May 9, 1912.)

1. MASTER AND SERVANT (§ 185*)—INJURY TO SERVANT—NEGLIGENCE—COMMON-LAW LIABILITY.

Where a servant and his companion carried a piece of concrete, pursuant to orders of the foreman, and the piece which the companion held broke, causing injury to the servant, there was no common-law liability against the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

2. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—EMPLOYER'S LIABILITY ACT—NOTICE.

Where a servant, injured while carrying a piece of concrete, alleged in the notice, under the Employer's Liability Act (Consol. Laws 1909, c. 31), that his fellow servant let the concrete slip out of his hands because he was hurried, and because there were materials over which he tripped, and because the concrete was too heavy for two men to carry, he could not recover on the ground that the accident happened from the fact that the concrete broke.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Luke Colleren against the Underpinning & Foundation Company. From a judgment of the Municipal Court of the City of New York for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Wellman, Gooch & Smyth, of New York City (Roderic Wellman and Frederick C. Scofield, of New York City, of counsel), for appellant.

Fraser & Henschel, of New York City (Emanuel Fichandler, of New York City, of counsel), for respondent.

SEABURY, J. Plaintiff sues to recover damages for an injury which he claims he sustained through the negligence of the defendant.

[1] The plaintiff was in the employ of the defendant, and was instructed by the foreman to move a piece of concrete. The plaintiff and his companion picked up the piece of concrete, and while carrying it the piece which his companion held broke, causing the concrete to fall on the plaintiff's fingers. Clearly these facts establish no cause of action at common law. Kalbach v. Ross, 145 App. Div. 55, 129 N. Y. Supp. 243; Beichert v. Reed, 20 App. Div. 635, 47 N. Y. Supp. 119; Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556, 3 L. R. A. 559, 8 Am. St. Rep. 787.

[2] The respondent claims that, even though he has no common-law action, he can sustain his judgment under the Employer's Liability Act (Consol. Laws 1909, c. 31). The difficulty in the way of sustaining this contention is that the plaintiff is limited to proving that the accident happened from one of the causes enumerated in the notice. Carron v. Standard Refrigerator Co., 138 App. Div. 723, 123 N. Y. Supp. 682. The notice alleges that:

"The other man let the heavy concrete slip out of his hands," (1) "owing to the fact that he was hurried"; (2) "owing to the fact that there were beams and pieces of wood and other materials over which he tripped"; (3) "and also owing to the fact that the said piece of concrete was too heavy and clumsy for two men to carry."

The evidence shows that the accident did not arise from any of the causes assigned. The accident happened from the fact that the concrete broke. This fact alone established no cause of action in the plaintiff.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.