# SUPERIOR COURT OF BALTIMORE CITY.

Filed November 22, 1928.

SCHULTE, ETC., ADMINISTRATOR.

VS.

THE PENNSYLVANIA RAILROAD.

*Isaac Lobe Straus* for plaintiff.

*Rowland K. Adams* for defendant.

DENNIS, C. J.—

(1)

This case comes up on a demurrer to the declaration.

The suit is to enforce an alleged liability accruing under the provisions of the Federal Employers' Liability Act to recover for the death of John W. Bradford, a railroad employee, who was negligently run over and killed by the defendant's locomotive when engaged in an interstate movement in the defendant's yards in the City of Balti-

more. The suit is brought by the administrator for the benefit of the deceased employee's surviving widow and two dependent infant *grandchildren*. The objection to the declaration is based on the grounds that the dependent infant grandchildren can not under the Act participate as equitable plaintiffs or beneficiaries. The point is a novel one.

The statute provides for three classes of beneficiaries, which for convenience the Court has indicated in copying so much of the statute as is necessary for proper consideration of this case, as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representatives (1) for the benefit of the surviving widow or husband *and* children of such employee; (2) and, if none, then of such employee's parents; (3) and, if none, then of the next of kin dependent upon such employee."

The declaration alleges that the deceased left a widow and two infant grandchildren, who are alleged to have been actually dependent upon their deceased grandfather, but does not negative the existence of children of the deceased employee.

Even a casual reading of the Act discloses that the three classes of beneficiaries shall take in succession, the third only taking if no individuals answering to the description in first and second classes existed when the right of action accrued, and suit filed.

Likewise no one falling within the category of the second class can take if any one answering the description of the first class existed at the time of the death of the employee and the bringing of suit.

Hence it is obvious that the grandchildren can not take if they belong in the third class, to wit, next of kin dependent upon such employee, it affirmatively appearing that the deceased left a widow whose status is within the first class of beneficiaries. Therefore, in order to entitle the grandchildren to participate in the benefits of a verdict, or judgment, if any should be recovered in this case, it is necessary to construe the word "children," which is according to the *letter* of the Act, to mean "grandchildren," which it is argued is according to the *spirit* of the Act.

The case was very earnestly and ably argued by counsel on both sides. Counsel for the plaintiff urged a liberal construction of the Act so as to make whole as far as possible those who suffer pecuniary loss by reason of the death of the employee, and that his widow is necessarily presumed to have so suffered, and his grandchildren are alleged to have so suffered.

The able counsel for the railroad contended that it might well be that the widow would be deprived in large part of the benefits accruing to her under the Act if the verdict be apportioned and divided between her and the grandchildren, who might or might not be dependent, and who might, if not in this case, in others be multitudinous, and that the law should be strictly construed; means what it plainly says, no more and no less.

Assuming that either construction may work hardships in some cases and benefits in others, and therefore the theory of hardships to the widow and benefits to the grandchildren may well be disregarded in the instant case, we come to a consideration of the real question, to wit, can the word "children," as used in the Act, properly be construed to mean infant and actually dependent surviving grandchildren, if the deceased in fact left no children?

It is to be noted that the Act reads "For the benefit of the surviving widow, or husband, *and* children of such employee." So that it is obvious that the surviving widow or husband *and* children are equally favored as beneficiaries in the first class under the Act.

### (2)

It may as well be conceded that the decisions, both State and Federal applying to this particular Act, and to State statutes of a similar nature (Lord Campbell's Act), and which should receive a like construction have been variously construed by State and

Federal Courts, both to include and exclude grandchildren, where the Acts in terms applied to children.

The Indiana statute was construed in the case of P. C. & St. L. Rwy. vs. Read, 88 Northeastern 1080, as excluding grandchildren.

In the case of Walker vs. V. S. & P. Rwy. Co., 34 Southern 749, the Supreme Court of Louisiana reached a similar conclusion in construing the Louisiana Statute, although the Court seemed to feel that the word "minor" as applied to children in that Act limited the construction which the Court otherwise might have placed upon the Act of including grandchildren.

In re Meng, 125 Northeastern 508, Court of Appeals of New York held that the proper construction of the word "children" in the New York statute providing a right of action for the death of a father or mother was limited to immediate offspring, and did not include grandchildren. There was a dissenting opinion in that case.

A similar construction was placed on the Texas statute by the Texas Court of Appeals in the case of Dallas Rapid Transit Company vs. Elliott, 26 Southwestern 455, and the Texas Court of Appeals in construing the Federal Employer's Liability Act held in the case of Houston and Texas Central R. R. Co. vs. Harris, 64 Southwestern 227, that the use of the word "child" in this Act excluded grandchildren.

Circuit Judge Dillon, presiding in the United States Circuit Court, Eastern District of Missouri, held in construing the statute of Missouri that the word "children" did not include grandchilden. McCutcheon vs. Receivers, 16 Federal Cases, page 13, No. 8742-A.

The Railroad Company relies upon the case of Chicago, Burlington & Quincy Railroad vs. Wells-Dickey Trust Company, Special Administrator, U. S. Supreme Court Advance Opinions issued December 1st, 1927, page 55. This Court, however, can not construe that case as in any way decisive of this. There the employee left a mother, who was at the time of his death the only person preferred under the terms of the Act quoted as beneficiary. The deceased employee left no surviving widow, child or father. No action was brought on behalf of his mother. She died and after her death an action was brought for the benefit of a *sister* of the employee, who was alleged to be dependent. The Court held that the several classes of beneficiaries took consecutively and in order, and that the beneficiary was to be ascertained as of the time the right of action accrued; that the mother having survived the action vested in her, that when she died the cause of action died with her. No such question arises here.

As opposed to the above authorities we find the following:

The Supreme Court of the United States in the case of Walton, admr., vs. Cotton & Jones, 10 Howard 355, 15 Law Edition 658, held that the word "child" as used in the text of the Pension Acts of 1832 and of July, 1836, embraced "grandchildren" of the deceased pensioner, whether the grandchildren's parents died before or after the pensioner, thereby extended by construction the letter of the law to conform to the remedial spirit thereof as is urged here.

Likewise that the word "children" used in the Donation Act conferring the right to take up Federal public lands was construed by a nisi prius Court to include grandchildren. Cutting vs. Cutting, 6 Federal 259.

The State Courts have frequently construed wills and statutes wherein the word "child" appears to include grandchildren. Davis vs. Thompson, 179 Indiana 539; Eshleman's Appeal, 74 Pa. State 42; Phillips vs. Lawing, 150 Alabama 186; Kenney vs. McAvoy, 206 Missouri 42.

Leading textbook writers hold to the same view:

Sutherland on Statutory Construction, Second Ed., Vol. 2, p. 760; Endlich on the Interpretation of Statutes (1888), p. 439, etc.; Pollock on Torts, American Edition by Webb (1894). See note bottom of p. 77.

It is to be remembered that the legal profession generally and the nisi prius Court of Maryland have always construed Section 21, Article 67, of the Maryland Code of Public General Laws, entitled "Negligence Causing Death," to apply to grandchildren of the deceased, notwithstanding children and not grandchildren are mentioned in the Act. This construction of the statute meets the sanction of Mr. Poe in his work on pleading (Poe's Pleading, Tiffany Edition, Volume 1, Section

453), and has apparently never resulted in an appeal to the Court of Appeals of Maryland.

The Federal Employee's Liability Act, like the several Lord Campbell's Acts, adopted in various States, have been uniformly held to be remedial in their nature and entitled to be so construed as to prevent the mischief and advance the remedy; and must be given that interpretation here. See St. Louis 1. M. & S. Rwy. vs. Conley, 187 Federal 949, and Bolch vs. C. M. & St. P. Rwy., 155 Pacific 422; Patek vs. American Smelting Co., 154 Fed. 190; Behrens vs. Ill. Ry., 192 F. 581; B. & O. R. R. vs. Branson, 128 Md. 678 (reversed on other grounds by the Supreme Court); McGovern vs. Phila. & R. R. R., 235 U. S. 389, 59 L. Ed. 283.

### (4)

It has been uniformly held that relatives to whom the deceased owed no legal duty to support in his lifetime may properly be made equitable plaintiffs if as here they were actually dependent or had a reasonable expectation of support in whole or in part by deceased. State vs. B. & O. R. R., 60 Md. 449; State vs. Mahone, 63 Md. 135; Ill. Cent. R. R. vs. Barron, 72 U. S. 90; Garrett vs. L. & N. R. R., 197 Fed. 716; Ill. Cent. R. R. vs. Porter, 207 Fed. 211.

### (5)

This Court is of the opinion that notwithstanding a divergence of judicial authorities as to the proper construction of this Act, that the weight of Federal authority applying to the construction of Federal statutes, as well as the better considered opinions of State Courts and textbook writers, lean to the theory that this and similar Acts should be construed to include grandchildren of the deceased in cases where a widow and actually dependent minor grandchildren survive, in order to effect the remedial intent and purpose of the Act.

Therefore, insofar as the demurrer raises an objection to the declaration upon the ground that actually dependent minor grandchildren are named as beneficiaries in the declaration it will be overruled.

Some conflict of authority arises as to whether the presumption of pecuniary loss could be indulged in reference to beneficiaries named in the statute other than the surviving widow or husband and surviving children. Garrett vs. L. & N. R. R., 197 Fed. 716; Ill. Cent. R. R. vs. Porter, 207 Fed. 211.

However that question is not a practical one in the instant case, because it is alleged very clearly that the grandchildren were in fact actually dependent.

The Court must hold that the declaration is bad on one ground, to wit, that in the opinion of the Court the grandchildren cannot take as among the first class of beneficiaries if any child survives, hence the declaration should negative in terms the existence of any surviving child of John W. Bradford. Thomas vs. C. & N. Ry. Co., 202 F. 767; Moffet vs. B. & O. R. R. Co., 300 Fed. 39, Circuit Court of Appeals, Fourth Circuit.

The demurrer will therefore be sustained on the latter ground with leave to amend within fifteen days.