NIAGARA BLOWER COMPANY, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 25410.) — Judgment affirmed, with costs. All concur. (The judgment awards claimant damages for appropriation of realty.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Judicial Settlement of the Accounts of METTA B. FLINT, as Executor, etc., of FLOYD M. FLINT, Deceased, Who Was Executor, etc., of NELSON W. FLINT, Deceased.— Decree affirmed, with costs to respondents payable out of the estate. All concur. (The decree judicially settles the accounts of an executor.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

JAMES R. L. COLE, Appellant, v. GEORGE D. ACKERSON and ANNA ACKERSON, Respondents, ALLEN E. COLE and Others, Defendants, and CHARLES A. COLE, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Certain findings of fact disapproved and reversed. Memorandum: The findings of the learned official referee are against the weight of the evidence, particularly on the question of the payment of the purchase price to Mrs. Cole. Dr. Cole testified that the $1,000, alleged to have been paid to Mrs. Cole on the purchase price of her share of the farm, was, in fact, an advance made by the defendant Ackerson to him for ten years' board for Mary J. Ackerson, the mother of defendant Ackerson so that Dr. Cole could enlarge his residence to accommodate Mary J. Ackerson. This testimony was competent because it involved a conversation between Dr. Cole and the defendant Ackerson and no one else. This testimony was not stricken out. Dr. Cole also testified to conversations between Mrs. Cole and the defendant Ackerson at which he was present. This testimony was properly stricken out. (*Griswold* v. *Hart*, 205 N. Y. 384.) The learned referee, apparently assuming that all of Dr. Cole's testimony had been stricken out, gave no consideration to the testimony of Dr. Cole which had not been stricken out. This testimony was quite material on the question as to whether or not the purchase price had been paid in full as claimed by the defendant Ackerson. Had the referee considered Dr. Cole's said testimony, we have no way of knowing what his reaction to it would have been. The referee erred in holding that the witnesses Bewley and Culver were not qualified to express an opinion as to the value of the Ackerson farm at the time of and following the death of Charles J. Ackerson. They were farmers, knew the farm well and were familiar with farm values in that vicinity and their competency to express an opinion as to the value of the Ackerson farm was fully established. (*Robertson* v. *Knapp*, 35 N. Y. 91.) This ruling was against the evidence, hence reviewable on this appeal. (*Slocovich* v. *Orient Mutual Ins. Co.*, 108 N. Y. 56, 62; *Jenks* v. *Thompson*, 179 id. 20, 24.) The testimony of these witnesses as to the value of the farm, if received, might have had a material bearing on whether or not Mrs. Cole sold her interest in the farm to defendant Ackerson at the price claimed. All concur, except Crosby, P. J., who dissents and votes for affirmance. (The judgment determines defendant Ackerson to be the owner of certain property and dismisses the complaint in an action for partition.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.