(123 App. Div. 303.)

McDERMOTT v. STRAUS et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

NEGLIGENCE—ELEVATORS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Plaintiff having been employed to do certain work on the doors of defendants' elevator shaft, which made it necessary for him to lean over into the shaft, and which required his close attention, defendants' chief engineer gave instructions to the elevator operator to warn plaintiff when the elevator car was approaching the place where he was working; but while he was at work inside the door, having told the operator to look out for him, but not himself looking out for the car, it without warning descended and struck him. *Held*, that plaintiff had a right to rely on the operator obeying the instructions given him, and, under the circumstances, the jury were justified in finding that he was not guilty of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37. Negligence, §§ 86–92.]

McLaughlin and Lambert, JJ., dissenting.

Appeal from Trial Term.

Action by Robert J. McDermott against Isidor Straus and another for personal injuries received from a descending elevator while working on the door of the elevator shaft. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

L. Sidney Carrere, for appellants.
M. L. Malvinsky, for respondent.

PATTERSON, P. J. The judgment from which this appeal is taken should be affirmed. It is not seriously contended that the boy in charge of the elevator was negligent in its management at the time the plaintiff was injured, or that he disregarded the instruction he had received from the chief engineer to give notice when the elevator was about to descend to the place at which the plaintiff was working. The point insisted upon by the appellant is that, even admitting the negligence of the elevator boy and that the jury found properly upon that issue, the plaintiff was openly and avowedly guilty of contributory negligence as matter of law, and therefore should not be permitted to recover.

The issue of contributory negligence was left to the jury under instructions quite favorable to the defendants. The evidence showed that the plaintiff was employed to do certain work in connection with putting locks on screen doors used at the elevators for purposes of ventilation. He was directed to take off the locks and the screws, and put on larger screws. He had been working at various doors and locks for several days prior to the accident. The chief engineer of the defendants knew that this work was being done, and instructions had been given by him to the elevator operator to give warning to those working near or about the elevators by shouting whenever the elevator was approaching the point at which they were working. It was necessary for the plaintiff, in performing his work, to lean over into the elevator well hole. The work could not otherwise have been done. The elevator boy opened the door to permit the plaintiff to go inside to do his work, and while the plaintiff was at work the elevator descended and struck him. No warning whatever was given by the elevator boy of the approach of the car. He knew the plaintiff was engaged at work, and admits he was told to look after the safety of the workmen and that he failed to give the warning he was instructed by the chief engineer to give. The case, then, is one in which the workman was lawfully engaged at work in and about the elevator. The work was of such a character as required his close attention. Precautions were taken for his protection, which were neglected by the elevator boy, and the plaintiff had a right to rely upon the operator of the car obeying the instructions given him. The jury were justified in their finding upon the issue of contributory negligence.

It is not suggested what the plaintiff could have done other than was done, considering the nature and character of the work he was performing, to protect himself from injury. The case seems to be.

quite similar to Schmitt v. Met. Life Ins. Co., 13 App. Div. 120, 43 N. Y. Supp. 318. Here, as there, the plaintiff was compelled to work under circumstances which rendered it impossible for him to be continuously looking for the movements of the elevator. It was not in reliance only upon a conversation had between the plaintiff himself and the elevator boy respecting the movements of the car, but upon the instructions which had been given by the chief engineer to the elevator boy, that the plaintiff performed work requiring his close attention inside of the elevator shaft. The jury were entitled to take into consideration all the facts and circumstances connected with the case, and to determine therefrom whether the plaintiff omitted to do anything which a prudent person should have done to secure his own safety; and with the finding of the jury upon that subject we see no reason to interfere.

The judgment and order appealed from should be affirmed, with costs.

HOUGHTON and SCOTT, JJ., concur.

LAMBERT, J. (dissenting). I am unwilling to concur in the decision about to be handed down in this case. The plaintiff, who appears to have been slightly injured by being struck by a descending elevator while he was at work in changing some screws in a lock on a screen door, has a judgment for $1,631.88, and it seems to me that the case is devoid of evidence to justify such a result. The facts about which there is no dispute show that one Sanderson had taken a job to install certain screen or summer doors in front of the elevator doors in the basement of the Macy store, and this work had been practically completed. Subsequently Sanderson directed the plaintiff to go to the store and change the screws in the locks, replacing those which had been used with longer ones. Plaintiff had made the change in the door in one of the shafts, and had called the attention of the boy operating the second one to the fact that he was going to do some work in that shaft. The boy in this elevator opened the door, the lock being on the inside, in order that the plaintiff might be in a position to do the work. Plaintiff says the boy probably did know what work he was going to do, and that he (plaintiff) told the boy to look out for him. Plaintiff says it was necessary for him to be inside the door and to lean out into the elevator shaft to take out and replace these screws, and that while so engaged the elevator came down upon him, inflicting the injuries complained of in this action. He is the only witness in support of the manner in which the accident occurred called by the plaintiff, and he says that, after telling the elevator boy that he was going to work there, the elevator boy "took his car up, and I paid no more attention to him, and I put my shoulder in to get the screws out of the lock, and the first thing I knew he had me clipped by the shoulder." On cross-examination he says:

"I went to the second elevator, and started to put on the screws, and told this boy to open the door for me. He did do that, so that I could get inside the door. I told him I was going to work there, and to look out for me. That is right. I did not give it another thought. That is right."

The boy who was operating the elevator frankly admits that he knew the plaintiff was at work there; but he says he looked down the elevator shaft before the elevator reached the basement and, not seeing any one in the way, he let the car down at half speed, and that the plaintiff intruded his shoulder in time to get hit, but that he reversed his car at once, and that the plaintiff was not seriously injured. These were the only eyewitnesses of the accident who were called, and there is no circumstantial evidence to contradict or corroborate either of the witnesses. The testimony of the elevator boy that he looked down the shaft and saw no one is not contradicted, and is in entire harmony with the testimony of the plaintiff that he dismissed all thought of the boy from his mind after telling him that he was going to work there and to look out for him; for, if this was his attitude, he may not have been in view when the boy started down, and yet he may have stepped into the shaft immediately afterward, thus not only permitting, but inviting, the accident which occurred to him.

In my judgment there was practically no evidence to show negligence on the part of the defendant or its servant. While it is true, perhaps, that the plaintiff had a right to rely upon the elevator boy to "look out for him," the elevator boy had a right to assume that the plaintiff, a man of experience, knowing that the elevators were being operated, would exercise some degree of care for his own safety. The duty of reasonable care is mutual, and both parties had a right to expect that the other would exercise that reasonable degree of care which the law demands; and the elevator boy, having looked down the shaft and seeing no one in the way, was not bound to anticipate that the plaintiff would, without looking, intrude his body into the shaft while the car was descending. The testimony of the boy was not disputed, and no good reason suggests itself why his evidence was not to be believed. But, assuming that the jury might elect to disbelieve him, where is the evidence in this case to warrant the conclusion that the plaintiff was free from contributory negligence? This is not a case where the rule is to be relaxed because of the fact that the injured one is dead and in no position to furnish direct evidence. He testified upon the trial that he told this boy to look out for him, and that then he went at his work and gave the boy and the elevator no further thought. "I did not give it a further thought." This man, a carpenter of 30 years' experience, knowing that this elevator was being operated at irregular intervals, engaged in a job that would take but a few minutes to perform, and obliged to be at times both inside and outside of the shaft in order to perform the work, tells the jury that he told this boy to look out for him, and then dismissed the matter from his mind and went on with his work, in effect, as though he were in a position where no danger was to be anticipated; and we are asked to sustain a verdict which must determine that this was the exercise of due care on his part, and that he has furnished the evidence of absence of contributory negligence which the law demands as a condition of liability. For my own part, I am unable to agree to such a ruling.

The case of Schmitt v. Metropolitan Life Ins. Co., 13 App. Div. 120, 43 N. Y. Supp. 318, is clearly distinguishable. In that case there

was a work involving several days of labor, and the contract provided that the elevator should be operated during the progress of the work, and a system of signaling had been agreed upon and pursued during the time, with perhaps a short interval in each day during a temporary change of operators, and the evidence which was urged as indicating contributory negligence on the part of plaintiff's testator, who was killed while necessarily leaning into the elevator shaft, was the fact that deceased had ridden in the elevator with Christopher, the relieving man, and knew that the latter was in the habit of operating the same without giving warning, and it was while Christopher was operating the elevator that the deceased met with his accident. It is one thing for a man to rely upon a customary and agreed system of signals in a continuous employment, where he may be fairly expected to become engrossed in his work, or to have his attention taken away from his obvious dangers; but to invoke this rule in a case of mere incidental employment, not to occupy more than half an hour (this being the time used on the other elevator in doing the same work), and to permit the plaintiff to rely wholly on the elevator boy, is not justified by any adjudicated case falling within the range of my observation. It does not appear that there had been any signal agreed upon, except such as may be inferred from the fact that on two occasions the elevator boy gave notice of his intention to lower the elevator. The boy was told to look out for the plaintiff, and the uncontradicted evidence is that he did look out for him on two separate occasions, and that on the third occasion he looked down the shaft and did not see the plaintiff, and that he then lowered the car at half speed. Clearly the defendants did not, in employing the plaintiff for a mere incidental job of this character, become insurers. They were only called upon to exercise reasonable care, and in the exercise of this care they had a right to assume that the plaintiff would himself take that reasonable degree of care which the known and obvious dangers would suggest to a reasonably prudent man.

In my judgment the evidence shows conclusively an absence of reasonable care on the part of the plaintiff, and that it was error to refuse to set aside the verdict.

McLAUGHLIN, J. (dissenting). The only precaution which the plaintiff took for his own safety was to call the attention of the boy in charge of the elevator to the fact that he was going to do certain work in or near the elevator shaft, and to look out for him. He testified:

"I told him I was going to work there, and to look out for me. That is right. I did not give it another thought. That is right. As I was standing there, I was knocked down to my knees."

It thus appears that he relied entirely upon the elevator boy and exercised no care whatever for his own safety. He certainly was under some obligation, being in a place of danger, to look out for himself. He could not throw the entire responsibility in this respect upon the elevator boy, and then, in case of injury, hold defendant liable.

Nor is it an answer to the suggestion that his negligence was for

the jury to say that, it having found in his favor, the verdict ought not to be disturbed. The verdict ought not to be permitted to stand unless the facts fairly tend to support the finding that he himself was free from negligence. The facts here proved do not tend fairly to establish such finding, and the plaintiff's own testimony negatives that fact.

In addition to the foregoing, I do not think the plaintiff established any negligence on the part of the defendants. They employed the elevator boy to manage the elevator. The plaintiff had no right, without their acquiescence or consent, to impose upon the elevator boy any other duty, and when he did so the defendants were not liable for the negligent manner in which the elevator boy performed such other duty.

Upon both grounds, therefore, I think the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event of the action.