### KRAUSE v. ROBERT GAIR CO.

(Supreme Court, Appellate Division, Second Department. January 14, 1910.)

MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—RULES OF EMPLOYMENT —QUESTION FOR JURY.

    Whether the notice, given by a master, that servants riding in freight elevators did so at their own risk, was in force at the time of injury to a servant while riding in a freight elevator, thereby defeating a recovery, or whether there was an acquiescence by the master in the use of the freight elevators by the servants, authorizing a recovery, *held*, under the evidence, for the jury.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

    Thomas, J., dissenting

Action by Frederick Krause against the Robert Gair Company. There was a judgment of dismissal, and plaintiff's exception was directed to be heard at the first instance in the Appellate Division. Reversed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Rufus O. Catlin, for plaintiff.
G. Glenn Worden, for defendant.

JENKS, J. This is an action by servant against master for negligence. The servant's duty required him to go out from one of the master's shops into another. Instead of descending the stairways of the first workshop, he used a freight lift or elevator which was descending, loaded with wares and carrying certain other employés. The lift fell, and the plaintiff was injured. The servant had worked for the master for 10 years, had left that service, had returned to it, and had worked in his second term for a month. It appeared that notices were put up near the freight lifts with the legend:

    "This is a freight elevator. Employés ride at their own risk.

Occasionally the notices would fall off or disappear, but the plaintiff testified that he did not understand that "the rule was changed" thereby. There is evidence that such a notice was not placed near this particular freight lift during the second term of the plaintiff's service. The plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff was dismissed, upon the ground that he had notice that, if he used the lift, he took the risk. His exception was directed to be heard at the first instance in this court.

We think that the exception was well taken, and that there must be a new trial. There was testimony that when the plaintiff worked in his first term he and the other employés were accustomed to use the lift daily. There was also testimony that some of the employés usually made use of the lift when they wished to go up or to go down in the building for a considerable distance, that some of the employés rode in the lifts every day, and that they were permitted to make such use of them by the man in charge of the lifts. The plaintiff testified that during his first term of service the president of the defendant told him to use this lift on more than one occasion. The court did elicit that this instruction was given to the plaintiff when he was on the sidewalk with cases, and that he was told to "hurry up and get those cases up." But in answer to the court's question, "Q. I know, but did he tell you to get on the elevator in preference to going up the stairs?" he said, "Yes, sir; he told me to get on." This statement was denied by the president of the defendant; and the defendant offered testimony counter to that as to the uses of the lift, yet part of the testimony as to use was elicited from defendant's own witnesses.

We think that the court erred in dismissing the plaintiff upon the ground stated, inasmuch as there was a question for the jury whether, in view of the evidence, the notice was in full force at the time of the accident, or whether there was an acquiescence by the master in such use of the lift as was made of it by the plaintiff. McNee v. Coburn, 170 Mass. 283, 49 N. E. 437; Aken v. Barnet, etc., Co., 118 App. Div. 463, 103 N. Y. Supp. 1078, affirmed 192 N. Y. 554, 85 N. E. 1105; Labatt on Master and Servant, 232. We do not pass upon any other question.

Plaintiff's exceptions sustained, and new trial granted, costs to abide the event. All concur, except THOMAS, J., who dissents.