### GREENER v. GENERAL ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department.   November 15, 1911.)

MASTER AND SERVANT (§§ 286, 289*)—ACTION FOR INJURIES—QUESTION FOR JURY—NEGLIGENCE.

In an action for personal injuries alleged to have resulted from a defective ladder on or near which plaintiff was working, *held*, that the questions of negligence and contributory negligence were for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. §§ 286, 289.*]

Appeal from Trial Term, Schenectady County.

Action by Mary Greener, as administratrix of the estate of Bernard Greener, deceased, against the General Electric Company. From a judgment on a nonsuit, dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

Fryer & Lewis (Edgar T. Brackett, of counsel), for appellant.
James O. Carr, for respondent.

JOHN M. KELLOGG, J.   In one of the defendant's factories is a traveling crane for the moving of heavy articles.   Suspended below the girders of the crane is a cage, in which the crane operator sits. From the cage, extending up even with the top of the girder, is a ladder, about 10 feet long, made of wrought iron, bolted to the crane cage at the bottom.   It was also bolted at the top bar of the cage, but extended above the bar 42 inches.   This 42 inches was not braced to the girders.   The crane was about 2 feet from the girders.   The side pieces of the ladder were wrought iron, three-eighths of an inch in thickness and were three-quarters of an inch in width.   The rungs of the ladder were inserted in the sides.

The evidence tends to show that the plaintiff's intestate and other riggers were working about the crane, and the plaintiff was standing upon the girder of the crane, when he was called by an employé, whom he was assisting, to come down and aid him there.   The next seen of the intestate he was falling towards the floor of the building, which was about 40 feet from the girder, and it was noticed that the top of the ladder, the 42 inches extending above the place where it was fastened to the top of the girder, was bent outwards and nearly at right angles.   Immediately the other employés went to his assistance, and some one asked what was the matter, and he said the ladder bent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

over with him. Other riggers had frequently used this ladder for the purpose of ascending and descending from the girder.

The fact that plaintiff was standing near the ladder, which was upright, was asked to come down, and was soon seen to be falling to the floor, and the ladder was found bent, raises a fair inference that the bending of the ladder had something to do with his fall. No one saw him upon the ladder, but it is evident that his attempting to descend upon the ladder caused it to bend over, or that, in falling, he grabbed the ladder and caused it to bend. He was an experienced man, engaged in his ordinary business, and, while the ladder had been used by himself and various employés for a long time, it is evident that it was not then able to sustain the weight of the intestate as it came upon it. He weighed about 218 pounds.

It cannot be said as a matter of law that the intestate had no right to use this ladder, or was guilty of contributory negligence which contributed to his death. The action is under the employer's liability act, and I think it was a fair question of fact whether the ladder was proper and sufficient for the purposes for which it was permitted to be used, and whether the intestate met his death by reason of the negligence of the defendant in maintaining the ladder in the condition in which it was.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.