## CABONI v. GOTT.

(Supreme Court, Appellate Division, Fourth Department. March 27, 1912.)

1. MASTER AND SERVANT (§ 190*)—SAFE PLACE TO WORK—NEGLIGENCE OF FOREMAN.

    An employer is liable, where his foreman set plaintiff's intestate to work at the place where he was killed without having used due care to ascertain whether it was safe.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

2. MASTER AND SERVANT (§ 295*)—ACTION FOR INJURIES—INSTRUCTIONS—ASSUMPTION OF RISK.

    In an action for the death of an employé, the court charged that the employer was liable if his foreman set plaintiff's intestate to work at the place where he was killed without having used due care to ascertain whether it was safe, and also charged, contrary to the express provisions of Labor Law (Consol. Laws 1909, c. 31) § 202, as amended by Laws 1910, c. 352, that it might be found that plaintiff's intestate assumed the risk, and that, if so, defendant would not be liable, and plaintiff thereupon requested a charge that, if the falling of the crust that killed the deceased was due to a defect which could have been discovered by the foreman by reasonable care or inspection, then the death of the deceased was not due to assumed risk. Held, that the requested charge called for a correction of the charge as to assumed risk, to conform to the statute, and that its refusal was reversible error.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

    Robson, J., dissenting.

Appeal from Trial Term, Orleans County.

Action by Michael Caboni, as administrator of the estate of Emmanuele Colette, deceased, against Fred. A. Gott. From a judgment in favor of defendant, and from an order denying plaintiff's motion

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

    134 N.Y.S.—22

for new trial upon the exceptions, plaintiff appeals. Judgment and order reversed, and new trial granted.

Plaintiff's intestate was killed while in the employ of defendant in the work of removing a bank of earth along a trench dug for a sewer in the village of Medina.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Lanza & Miceli, for appellant.
Clinton B. Gibbs, for respondent.

FOOTE, J. The jury were instructed that they might find the defendant liable if the foreman was negligent in putting plaintiff's intestate to work in a place of danger, or a place the dangerous character of which might have been discovered by the exercise of reasonable care; also that if the plaintiff's intestate was negligent, contributing to his injuries, there could be no recovery, notwithstanding they found defendant's foreman to have been negligent; also that, if the defendant was negligent, in that the foreman failed to inspect the bank after the explosion of the dynamite to ascertain whether the bank was still reasonably safe before setting the men to work under it, and plaintiff's intestate, knowing that no such inspection had been made, and being aware of and appreciating the danger, continued to work under this overhanging bank, the jury might find that he assumed the risk of personal injury, and that, if they did find that he assumed the risk, plaintiff could not recover.

The amendment to section 202 of the Labor Law in 1910 (Laws 1910, c. 352), which was in effect at the time this accident occurred, provides:

"In an action brought to recover damages for personal injury or for death resulting therefrom received after this act takes effect, owing to any cause, including open and visible defects, for which the employer would be liable but for the hitherto available defense of assumption of risk by the employé, the fact that the employé continued in the service of the employer in the same place and course of employment after the discovery by such employé, or after he had been informed of the danger of personal injury therefrom shall not be, as matter of fact or as matter of law, an assumption of the risk of injury therefrom."

[1, 2] The learned trial judge was in error, in view of this amendment to the statute, in instructing the jury that they might find that plaintiff's intestate assumed the risk, and, in case they did so find, that defendant would not be liable. In view of the charge upon this subject, plaintiff's counsel made a request to charge, as follows:

"I ask your honor to charge the jury that, if they find as a fact that the falling of the crust that killed the deceased was due to a defect which could have been discovered by the foreman by the exercise of reasonable and proper care, test, or inspection, then and in that case the death of deceased was not due to assumed risk."

The court declined to so charge, and allowed an exception to plaintiff. We think this exception was well taken. It was the law of the case under this charge that the defendant was liable in case his foreman negligently set plaintiff's intestate to work at the place where he

was injured without having used due care to ascertain whether it was safe. The request to charge must be construed in view of the charge as made, and, so construed, we think it fairly called for a correction of the charge as to assumed risk, to conform to ,the amended statute.

The jury has found a verdict in favor of the defendant. There was ample evidence to support the verdict, either upon the ground that defendant's foreman was not negligent or that plaintiff's intestate was negligent; but we are unable to say upon this record that the jury may not have found upon these questions in favor of the plaintiff, and based their verdict upon the sole ground that plaintiff's intestate assumed the risk. Hence the plaintiff may have been prejudiced by the refusal to charge as requested.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except ROBSON, J., who dissents.