fine and the committing of plaintiff to custody until the further order of the court. But the court will not do a futile thing. "Inasmuch as after the commencement of the action, he had gone out of the jurisdiction, it would not have availed to order him fined and committed." Brinkley v. Brinkley, 47 N. Y. 40, on page 49. Under the circumstances, therefore, we think that the learned court at Special Term was justified in denying the motion, and the order appealed from should be affirmed, without costs. All concur.

---

## McKEON v. PROCTOR & GAMBLE MFG. CO.

(Supreme Court, Trial Term, Richmond County. April 30, 1912.)

1. MASTER AND SERVANT (§ 107*)—INJURIES TO SERVANT—PROPER APPLIANCES —STATUTE—"PLANT."

A servant injured by a defect in chain tongs used on a pipe machine may recover under Labor Law (Consol. Laws 1909, c. 31) § 202, as amended by Laws 1910, c. 352, providing that if an employé while exercising ordinary care is injured by reason of any defect in the condition of the ways, works, machinery or plant of his employer he may recover; chain tongs being a part of the master's plant, the term "plant" in its ordinary sense including whatever apparatus other than stock in trade an employer uses to carry on his business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*

For other definitions, see Words and Phrases, vol. 6, pp. 5400–5401; vol. 8, p. 7755.]

2. MASTER AND SERVANT (§ 107*)—INJURIES TO SERVANT—PROPER APPLIANCES —SIMPLE APPLIANCES.

While at common law a master is not liable for injuries to his servant caused by defects in such simple appliances as a ladder, chain tongs used in connection with a pipe machine to hold a section of pipe still while another part of it is revolving are not simple tools.

[Ed. Note.—For other cases. see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

3. MASTER AND SERVANT (§ 184*)—INJURIES TO SERVANT—FELLOW SERVANTS.

Under Labor Law (Consol. Laws 1909, c. 31) § 200, as amended by Laws 1910, c. 352, providing that a servant injured by reason of any defect in the condition of the ways, works, machinery, or plant used in the business of the employer, which arose from or had not been remedied owing to the negligence of the employer, or any person in the service of the employer intrusted by him with the duty of seeing that such appliances were in proper condition, may recover, the negligence of a servant intrusted with the duty of providing proper appliances is imputable to the master, though that servant be a fellow servant of the one injured.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 374; Dec. Dig. § 184.*]

4. MASTER AND SERVANT (§ 286*)—ACTIONS—QUESTIONS FOR JURY.

In an action by a servant for injuries whether the master was chargeable with negligence in failing to remedy a defect in its appliances held for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

5. MASTER AND SERVANT (§ 204*)—INJURIES TO SERVANT—ASSUMPTION OF RISK

The common-law doctrine that a servant by continuing to use a defective appliance assumes the risk of injury thereby is abrogated by La-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bor Law (Consol. Laws 1909, c. 31) § 200, as amended by Laws 1910, c. 352, which provides that continuance of employment shall not constitute assumption of risk, though the employé shall not be entitled to compensation where knowing of the risk he failed to give information thereof to the employer or some superior servant, unless the defect was such that it could have been discovered by the employer by the exercise of reasonable care.

· [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

6. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

A servant who was joining pipes used a pipe machine with defective chain tongs, and to tighten the belt placed his hand on the belt, whereupon the tongs broke, and, the speed of the machinery being greatly accelerated, his hand was drawn into the wheel and injured. *Held*, that he was not guilty of contributory negligence as matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

7. MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Where a servant was injured by the breaking of defective chain tongs, the master has, under Labor Law (Consol. Laws 1909, c. 31) § 202a, added by Laws 1910, c. 352, the burden of proving that the servant was guilty of contributory negligence in failing to procure other tongs which were in the master's place of business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*] •

8. DAMAGES (§ 132*)—PERSONAL INJURY—MEASURE OF DAMAGES.

Where a mechanic, whose previous earning power was about $850 per year, was injured so that he could not use his right arm, an award of $12,500 damages was excessive by $2,500.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Action by John McKeon against the Proctor & Gamble Manufacturing Company. Motion on the minutes to set aside judgment for plaintiff. Motion denied on condition that plaintiff consent to a reduction of the verdict.

Don R. Almy, for plaintiff.

Bertrand L. Pettigrew (Walter Lester Glenney, of counsel), for defendant.

BENEDICT, J. This is an action under the employer's liability provisions of the Labor Law (sections 200–202, as amended by Laws of 1910, c. 352, and section 202a, added by the same act, which took effect September 1, 1910).

The accident took place on February 14, 1911. The plaintiff at the time of the accident was a pipe fitter in the employ of the defendant. He was injured while attempting to detach a T fitting from two pieces of pipe, screwed into the opposite ends thereof, by means of a pipe machine and a pair of chain tongs. The pipe machine was used to cut threads in pipe, and to cut off pipe, and it could be used, and was customarily used in defendant's factory, to put on and take off fittings. Plaintiff was required by his superior, the assistant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

master mechanic of defendant, Mr. Reddert, to remove the T fitting in question, so that he (plaintiff) might use the same in a line of pipe which he was putting up. After putting the pipe in the machine, he went to the storeroom for chain tongs, the object of which was to keep the piece of pipe screwed into one end of the T fitting from revolving, while the machine revolved the other piece of pipe, thus loosening the T fitting. The storekeeper had then in the storeroom but one pair of chain tongs, and these were defective from long usage and wear. Plaintiff complained to the storekeeper about the condition of the tongs, but the latter said they were the only pair he had, and, if plaintiff could not use them, he must give up the job. Plaintiff, therefore, took the tongs, fastened them on the pipe in the machine, and turned on the power; but the machine did not start, because, as plaintiff claims, of the slackness of the belt. To increase the friction, plaintiff placed his right hand on the belt. The machine started, and immediately the chain on the chain tongs broke. Thus relieved of all resistance, the machine began to revolve rapidly, and plaintiff's right hand slipped behind the belt, and was caught.

The foregoing is an outline of the facts as narrated by plaintiff and his witnesses. There was conflicting testimony as to several points, but no such preponderance of evidence in favor of the defendant on any such issue as would warrant the court in setting aside the verdict as contrary to the weight of evidence. The determination of this motion involves the consideration of four questions, as follows: (1) Was the defendant guilty of negligence in furnishing defective machinery or appliances, resulting in injury to the plaintiff? (2) If so, did plaintiff assume the risk of injury from the defective condition of such machinery or appliances? (3) Was plaintiff guilty of contributory negligence? (4) Did the jury award excessive damages?

1. Two charges of negligence are made against the defendant: (a) The defective condition of the chain tongs, about which there seems to be no question; (b) the slackness of the belt on the pipe machine. The latter may be, however, disregarded, except so far as it furnished an explanation of the reason for plaintiff's placing his hand against the belt. With respect to the first charge, the question is: Was the defendant negligent in failing to supply plaintiff with a proper pair of chain tongs, or in supplying him with an unfit pair? This involves first the consideration of the question whether it was proper to use the pipe machine to remove fittings. Defendant claims that it was not, and produced some testimony to that effect. There was evidence, however, brought out on cross-examination of the plaintiff to warrant the jury in inferring that Mr. Reddert, the assistant master mechanic, had seen the plaintiff using the pipe machines for that purpose. It was also shown that it was customary in defendant's factory to use the pipe machines for that purpose, to such an extent, apparently, that the jury might have inferred that Mr. Reddert ought to have known of it, if he did not. And there were no instructions, general or special, that these machines should not be so used. Moreover, there was evidence from which the jury might have found that Mr. Reddert directed plaintiff to use the pipe machine to take

off the T fitting. This was disputed by Mr. Reddert, but the determination of this issue was for the jury. On all the evidence I think the finding which, it must be assumed the jury made that plaintiff was justified in using the pipe machine to remove the fitting, must be sustained. Krause v. Robert Gair Co., 136 App. Div. 357, 120 N. Y. Supp. 916.

[1] Section 200 of the Labor Law (as amended by the Act of 1910) permits recovery by an employé, who is himself in the exercise of proper care, against his employer, in cases where the former is injured—

"by reason of any defect in the condition of the ways, works, machinery, or plant, connected with or used in the business of the employer which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works, machinery, or plant, were in proper condition."

The amendment of 1910 added the word "plant" to the provision above quoted, which had theretofore related only to ways, works, and machinery. Under the former statute it seems to have been held that subdivision 1 of section 200 did not enlarge the master's duty, but was simply declaratory of the common law. Nappa v. Erie R. R. Co., 195 N. Y. 176, 181, 88 N. E. 30, 21 L. R. A. (N. S.) 96. The addition of the word "plant" has, however, largely extended the scope and application of the statute. In Yarmouth v. France, L. R., 19 Q. B. D. 647, 658, it was held that the word "plant," as used in the English "Employer's Liability Act," included a horse, and that the vicious nature of the horse constituted a defect in the plant of the defendant, who was a wharfinger and warehouseman. Lindley, L. J., said that the word, in its ordinary sense, "includes whatever apparatus is used by a business man for carrying on his business, not his stock in trade which he buys or makes for sale, but all goods and chattels, fixed or movable, live or dead, which he keeps for permanent employment in his business." The generally accepted legal significance of the word seems to accord with this definition. 30 Cyc. 1637, and notes.

There can, therefore, be no question but that the chain tongs constituted a part of defendant's plant, which it was defendant's duty under the statute to keep in proper condition. The change in the law by the introduction into the statute of the word "plant" renders inapplicable to this case and others arising since the act of 1910 several authorities relied on by defendant, to the effect that where the instrument or appliance is a simple instrument or appliance like a ladder, or a pair of gloves, concerning the condition of which the employé is as able to judge as the master, the master is not responsible for injuries resulting from the defective condition thereof. Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Hart v. Village of Clinton, 115 App. Div. 761, 764, 100 N. Y. Supp. 1092; Smith v. Green Fuel Economizer Co., 123 App. Div. 672, 108 N. Y. Supp. 45; Gardner v. Schenectady Ry. Co., 128 App. Div. 12, 112 N. Y. Supp. 369. It seems to me clear that the intention of the Legislature in adding the

word "plant" to subdivision 1 of section 200 of the Labor Law was to make the section applicable to defects in each and every appliance used by the master in his business, whether simple or complex, and whether or not the employer's means of knowledge of the condition of the instrument were or were not superior to those of the employé.

[2] Furthermore, I cannot agree with defendant's contention that the chain tongs, especially when used in connection with the pipe machine, constituted a simple instrument or appliance within the doctrine of the authorities last cited.

[3] The next question is whether the defect in question had not been discovered or remedied owing to the negligence of defendant or of any person in the service of defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition. It is not clear from the testimony who was intrusted with this duty, so far as the chain tongs were concerned, or whether there was any one in defendant's employ charged therewith Williams, the storeroom keeper, testified that he had no instructions to see that the tools in his storeroom were in proper condition; that, if he wanted anything repaired, he would report it to the master mechanic or his assistant on his own responsibility, although he had no instructions to do so. As his testimony on this subject is not wholly clear, it may be said that, if he was charged with the duty of seeing that the tools in his storeroom were in proper condition, he was then a person in defendant's service intrusted by defendant "with the duty of seeing that the ways, works, machinery, or plant, were in proper condition." The case of Healy v. Buffalo, Rochester & Pittsburgh. Ry. Co., 111 App. Div. 618, 97 N. Y. Supp. 801, is not applicable, because the action was, so far as appears, a common-law action. As it was the engineer of a locomotive who failed to report the defective condition of the water glass in his engine, by the explosion of which plaintiff, the fireman, was injured, the fellow servant rule applied. But, under the statute applicable to the case at bar, the negligence of any person in the master's employ in the performance of a duty intrusted to him of seeing that any part of the "ways, works, machinery, or plant" is in proper condition is imputable to the master, whatever the grade of such servant or however small and insignificant a part of the "plant" may have been defective. If, on the other hand, Williams was not charged ·with any duty with respect to seeing that the tools in his storeroom were in proper condition, there was either some one else intrusted with that duty who the jury might have found on the evidence failed to perform it so far as the chain tongs in question were concerned, and whose negligence was imputable to the defendant, or else no person was charged with that duty, in which case the jury would have been justified in finding the defendant itself negligent.

[4] It is claimed by defendant in its brief on this motion that it cannot be charged with negligence because there is no proof as to how long the chain tongs had been in defective condition. The testimony of Williams shows that the defective condition was not of sudden development, but the result of continued use, and hence a finding

by the jury that a proper inspection would have disclosed. it to the defendant, or its responsible officers, would be warranted; also, as indicated below, there was some evidence to show knowledge of the defective condition on the part of the master mechanic. I am not at all sure that the defendant would not be chargeable with negligence even at common law, but, as the action was .brought under the statute, it is unnecessary to consider that question.

On the whole case, therefore, I think it was a fair question for the jury whether or not the defendant was chargeable with negligence (Greener v. Gen. Electric Co., 147 App. Div. 462, 131 N. Y. Supp. 709), and that the verdict was not contrary to the weight of evidence.

[5] 2. The next question is as to the assumption of risk. · There is no doubt but that, at common law, plaintiff merely by using the chain tongs with knowledge of their defective condition must have been held as matter of law to have assumed the risk of injury by reason· thereof. Sweeney v. Berlin & Jones Env. Co., 101 N. Y. 520, .5 N. E. 358, 54 Am. Rep. 722. And, if. this action were under the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204) or the Labor Law prior to the amendment of 1910, it would be my duty to set aside the verdict as contrary to the weight of evidence; for there can be no question but that plaintiff understood and appreciated the risk of injury. Baker v. Empire Wire Co., 102 App. Div. 125, 129, 130, 92 N. Y. Supp. 355; Vaughn v. Glens Falls Cement Co., 105 App. Div. 136, 139, 140, 93 N. Y. Supp. 979; Kellogg v. N. Y. Edison Co., 120 App. Div. 410, 105 N. Y. Supp. 398.

The amendment of 1910 has altered section 202 so that it reads in part as follows:

"In an action brought to recover damages for personal injury or for death resulting therefrom received after this act takes effect, owing to any cause, including open and visible defects, for which the employer would be liable but for the hitherto available defense of assumption of risk by the employé, the fact that the employé continued in· the service of the employer in the same place and course of employment after the discovery by such employé, or after he had been informed of the danger. of personal injury therefrom shall not be, as matter of. fact or as matter of law, an assumption of the risk of injury therefrom, but an employé, or his legal representative, shall not be entitled under this article to any right of compensation or remedy against the employer in any case where such employé knew of the defect or negligence which caused the injury and failed, within a reasonable time, ·to give, or cause to be given, information thereof to the employer,. or to some person superior to himself in service of the employer, or who had intrusted to him some superintendence, unless it shall appear on the trial that such defect or negligence was known to such employer or superior person, prior to such injuries to the employé; or unless such defect could have been discovered by such employer by reasonable and proper care, tests or inspection."

The obvious ·purpose of the Legislature was to abrogate the doctrine which so long obtained in this state, that a servant merely by continuing in the service of the master with knowledge of the defective condition of any machine or appliance which he was required to use, even where he had given notice of the defect, and the employer in violation of his legal duty failed to remedy it, was deemed to have assumed the. risk of injury therefrom (Caboni v. Gott, 134 N. Y. Supp. 337.); and courts and judges would be remiss in their duty not to

give full effect to this evident legislative intent. Defendant does not contend (apart from the question of contributory negligence) that plaintiff assumed the risk of injury by using the defective chain tongs; but he urges that plaintiff did not give the notice required by the latter portion of the section above quoted. He did give notice to Williams; but defendant contends Williams was not a "superior person" within the meaning of the statute. I do not deem it necessary to decide this question, for the defect was one which the jury might have found could have been discovered by the defendant by "reasonable and proper care, tests and inspection." Moreover, there was some evidence that the master mechanic or the assistant master mechanic, or both, had notice of the defective condition of the chain tongs. The witness Williams testified:

"There had been a report in that there was a shortage of supplies for change of these tongs. I know that, and, in running over the invoice, I had to come in contact with these things continually, and had seen this invoice calling for change—for repair of chain tongs. That is all I can say. I don't think it was necessary to report it to Mr. Reddert."

He further testified, in substance, that there had been a shortage of chain tongs, and that a requisition had been put in to Mr. Porter, the master mechanic, for repair of chain tongs and for new chain tongs, and that chains had come in and been returned because they were the wrong number, and that new chain tongs were received and sent back. There was no testimony in the case in any way contradicting this testimony. These considerations, in my opinion, dispose of the question of assumption of risk.

In considering the question of assumption of risk, thus far I have only considered whether the plaintiff assumed the risk of injury merely by using the chain tongs, knowing of their defective condition. The question whether plaintiff assumed the risk of injury by some other act is so closely related to the question of contributory negligence that I shall consider it in connection therewith.

3. Coming to the question of contributory negligence, it is important, first, to observe that the burden of proof was on the defendant to show that the plaintiff was guilty of contributory negligence in order to defeat recovery on that ground. Section 202a of the Labor Law (added by the amendment of 1910) has changed the rule of burden of proof in this state at least so far as cases coming within the employer's liability provisions of the Labor Law are concerned. Upon the question of assumption of risk by plaintiff's voluntary and unnecessary act, the burden of proof is also on defendant. Dowd v. N. Y., O. & W. R. Co., 170 N. Y. 459, 63 N. E. 541; Jenks v. Thompson, 179 N. Y. 20, 71 N. E. 266.

[6] As I understand the law, an employé assumes the risk of injury, and is guilty of contributory negligence, when he voluntarily and unnecessarily places himself in a position of danger, which his duty did not require him to assume. Thompson v. Cary Mfg. Co., 62 App. Div. 279, 70 N. Y. Supp. 1086; Parento v. Taylor & Co., 26 App. Div. 518, 50 N. Y. Supp. 518. But under the employer's liability provisions of the Labor Law, as now amended, where there

is negligence imputable to the employer, the employé does not assume the risk of injury by doing acts which his duty, under the conditions of his employment, requires him to do, nor is he guilty of contributory negligence in so doing, although his act may, by reason of the employer's negligence, involve unusual dangers, of which the employé has knowledge, provided, of course, that the accident resulting in injury to the employé would not have happened but for the employer's negligence. At least an employé cannot under such circumstances be held as matter of law to have assumed the risk or to have been guilty of contributory negligence. McDermott v. Straus, 123 App. Div. 303, 108 N. Y. Supp. 5, affirmed 195 N. Y. 519, 88 N. E. 1124; Schmitt v. Met. Life Ins. Co., 13 App. Div. 120, 43 N. Y. Supp. 318; Reich v. Iron Clad Mfg. Co., 120 App. Div. 445, 104 N. Y. Supp. 1069; Larsen v. Lackawanna Steel Co., 146 App. Div. 238, 130 N. Y. Supp. 887; Newell v. Ryan, 40 Hun, 286, affirmed 116 N. Y. 656, 22 N. E. 1130. If this is a correct statement of the law, then it follows that plaintiff was not guilty of contributory negligence as matter of law in using the defective chain tongs, nor in pressing his hand upon the slack belt, knowing of the defective condition of the chain tongs, nor did he as matter of law assume the risk of injury by so doing; for only by so doing, so far as appears from the evidence, could he accomplish the work which he had been ordered by Mr. Reddert to do, and this method of increasing friction being a common practice. Newell v. Ryan, supra.

[7] It is urged by defendant that there were other chain tongs about the factory, although not in the storeroom, and that plaintiff was guilty of contributory negligence in not hunting up another and more suitable pair; but there was no evidence that the other chain tongs, which were out, and presumably in use by other employés, could have been secured by plaintiff if he could have found where they were, nor that any of these other tongs were in any better condition than those used by plaintiff. Under the rule of burden of proof established by section 202a of the Labor Law, I think the defendant should have produced evidence on these points in order to make out the defense of contributory negligence based upon the presence in the factory of other chain tongs.

I conclude, therefore, that the questions of assumption of risk by plaintiff's voluntary act and contributory negligence were properly submitted to the jury; and in my opinion, on the whole case, the findings of the jury on these questions should not be disturbed.

[8] Upon the question of damages, I am inclined to think that the award of $12,500 was somewhat excessive. The plaintiff's right arm in its present condition is practically useless for any kind of work, but I am not convinced that proper massage treatment would not improve its condition. And even if this could not be done, and the arm must always remain in its present condition, there are opportunities for employment open to plaintiff from which he can obtain some remuneration. At the time he was injured, he was earning $16.50 a week, or approximately $850 a year, assuming that he had steady work. Twelve thousand five hundred dollars, the amount of the ver-

dict, invested at 5 per cent., would amount to $625. I believe the plaintiff can earn considerably more than the difference between these two sums. It seems to me that the verdict is somewhat excessive under the principles stated in O'Donnell v. Am. Sugar Refining Co., 41 App. Div. 307, 310, 58 N. Y. Supp. 640, where plaintiff lost his right hand, and the verdict was reduced from $25,000 to $15,000 by the trial justice, and was further reduced by the Appellate Division to $10,000. I think $10,000 would be more nearly in accord with the amounts ordinarily awarded by juries for similar injuries. See Sesselmann v. Met. St. Ry. Co., 76 App. Div. 336, 339, 78 N. Y. Supp. 482.

The motion for a new trial will therefore be granted, on condition that defendant pay the costs of this trial, unless plaintiff consents to a reduction of the verdict to $10,000. If he so stipulates, the motion will be denied.