The judgment and order appealed from must be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and CARR, J., concur. HIRSCHBERG, J., dissents.

WOODWARD, J. I dissent. While I agree with the views of Mr. Justice BURR as to what constitutes the plant, I do not wish to vote that there is a liability on the part of a master for every defect, real or fanciful, which may be suggested after the accident has happened; and in this case, if there was no defect in the ladder as designed, if it was a perfect ladder of its kind, because it slipped on a slippery tile floor does not necessarily render the defendant liable, or present a question of fact for the jury.

McKEON v. PROCTOR & GAMBLE MFG. CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

1. MASTER AND SERVANT (§ 107*) — INJURIES TO SERVANT — APPLIANCES — "PLANT."

Chain tongs, which broke, causing an injury to a servant, are a part of the employer's "plant."

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*

For other definitions, see Words and Phrases, vol. 6, pp. 5400, 5401; vol. 8, p. 7755.]

2. MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—DEFECTS IN APPLIANCES—STATUTORY PROVISIONS.

Under Labor Law (Laws 1909, c. 36 [Consol. Laws 1909, c. 31]), § 200, as amended by Laws 1910, c. 352, making a master liable for injuries from negligence in not discovering or remedying a defect in the plant, evidence that chain tongs were somewhat worn, but that the employé using them, who had 18 years' experience, believed them sufficient to do the work, was insufficient to show negligence of the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

3. MASTER AND SERVANT (§ 293*)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS.

In an action for injuries to an employé from the breaking of chain tongs, where there is a conflict of evidence whether it was proper to use chain tongs as plaintiff used them, the modification by the court of defendant's requested charge that no negligence can be based on the worn condition of the tongs, if they were reasonably safe for use by hand, if the jury find that is the manner in which the tongs were to be used properly, by adding, "provided it was improper or unusual to use them as plaintiff did use them," is error; the fact that it may have been usual to use them as plaintiff did being no justification for improper use.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1156, 1158–1160; Dec. Dig. § 293.*]

Hirschberg and Rich, JJ., dissenting.

Appeal from Trial Term, Richmond County.

Action by John McKeon against the Proctor & Gamble Manufacturing Company. From a judgment (76 Misc. Rep. 599, 135 N. Y. Supp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

291) for plaintiff, and an order denying a motion to set aside the verdict, made upon the minutes, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Walter Lester Glenney, of New York City (Bertrand L. Pettigrew, of New York City, and Bertram G. Eadie, of New Brighton, on the brief), for appellant.

Don R. Almy, of New York City, for respondent.

BURR, J. [1] We agree with the opinion of Mr. Justice Benedict, at Trial Term, that under the circumstances here disclosed the chain tongs which broke may be deemed a part of defendant's plant. Lipstein v. Provident Loan Society of New York, 139 N. Y. Supp. 799, decided herewith.

[2] But under the circumstances here disclosed the liability, if any, of defendant for a defect in the condition of the plant arises out of its negligence in not discovering or remedying such defect. Labor Law (Consolidated Laws, c. 31 [Laws of 1909, c. 36]) § 200, as amended by Laws of 1910, c. 352. While the evidence in this case discloses that the chain tongs were somewhat worn, and the result proved that they were insufficient for the use to which they were put, we think that the evidence wholly fails to establish that the defect was of such a character that defendant could be charged with negligence in not discovering or remedying it. A thing may be worn, but yet not sufficiently worn to charge an employer with negligence in permitting the same to be used. The plaintiff in this case, with his 18 years of experience, was fully as competent as any other person to determine whether the worn character of the tongs was such as to make it unsafe to use the same. But his own evidence upon that point is that, although he noticed the worn link, which subsequently broke, he still believed that the tongs were entirely sufficient to do the work for which he employed them. Why would not the master be justified in supposing the same thing?

[3] We also think that there was error in the court's ruling upon a request to charge submitted by defendant. There was a conflict of evidence as to whether it was proper to use chain tongs in the manner in which plaintiff did use them. The defendant requested the court to charge:

"That no negligence on defendant's part may be based upon the worn condition of the tongs which broke, if they were reasonably safe and adequate for use by hand, if the jury find that is the manner in which the tongs were to be used properly."

The court refused to charge in that form, but did charge with the addition of the words:

"Provided it was improper or unusual to use them as plaintiff did use them."

If the only way in which the tongs should have been used was by hand, any other use would be improper, and the mere fact that it may

have been usual to use them in a different way, and in the way that plaintiff did use them, would not justify this improper use. A, wrong thing cannot be made right because it is customary. Certainly this would be so, unless the master knew of the unusual and improper use, and assented to it; and the modification of the request to charge, which introduced the "usual" element, omitted this necessary qualification.

Judgment and order reversed, and new trial granted; costs to abide the event.

JENKS, P. J., and WOODWARD, J., concur. HIRSCHBERG, J., votes to affirm, upon the opinion of Mr. Justice Benedict at Trial Term, with whom RICH, J., concurs.